The Honorable Bill Kerr State Representative P.O. Box 7615 Little Rock, AR 72207
Dear Representative Kerr:
This is in response to your request for an opinion on the following questions:
 Under what statute is Metroplan and the municipal League allowed to collect Risk Pool Funds and to whom are they authorized to report and who regulates them; also, how are they authorized to do business in Arkansas? In the event Metroplan denies a claim from an injured party, whom does that party sue; i.e., an injured student on a Pulaski County school ground?
The paragraph above contains several questions which will be answered in the order presented.
Metroplan is a not-for-profit corporation created under the authority granted in A.C.A. 25-20-101, et seq., the "Interlocal Cooperation Act." That act provides at 25-20-104(a) and (b):
 (a) Any governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state alone may be exercised and enjoyed jointly with any other public agency of this state which has the same powers, privileges, or authority under the law and jointly with any public agency of any other state of the United States, which has the same powers, privileges, or authority, but only to the extent that law of the other state or of the United States permit the joint exercise or enjoyment.
 (b) Any two (2) or more public agencies may enter into agreements with one another for joint cooperative action pursuant to the provisions of this chapter. Appropriate action by ordinance, resolution, or otherwise pursuant to law of the government bodies of the participating public agencies shall be necessary before the agreement may enter into force.
Thus, in response to your first question, Metroplan is organized under the "Interlocal Cooperation Act," and represents the exercise of a municipal power in a joint fashion. It was organized and created to implement a self-insurance program for its municipal members.[1] The Interlocal Cooperative Agreement was approved by this office on February 12, 1986, (a copy of approval enclosed).
You next inquire as to whom Metroplan is authorized to report. Because the corporation exercises jointly the powers of its municipal members, it is accountable to those members for its actions.
Your third question involves the regulation of Metroplan. Again, because it exercises municipal powers, Metroplan is subject only to the regulation to which its municipal members would ordinarily be subjected. It must, of course, operate pursuant to and in conformity with state law. The Arkansas Insurance Department has taken the position that activity under such agreements is not subject to regulation by the Department.
Your fourth question inquires as to how Metroplan is authorized to do business in Arkansas. As stated previously, it is authorized to exercise a power of municipal corporations in a joint fashion pursuant to the "Interlocal Cooperation Act."
Finally, you ask who an injured party, such as a child injured on a Pulaski County school ground, should sue after having a "claim" "denied" by Metroplan.
It should be noted that political subdivisions of the State of Arkansas are immune from liability for damages, and that no tort action will lie against such an entity because of the acts of its agents or employees. A.C.A. 21-9-301. Thus, the injured child you describe is remediless not because Metroplan has denied his claim, but because the potential defendant is immune from suit.[2]
This immunity is expressly recognized and retained in the Interlocal Cooperation Agreement:
 1.2 The purpose of the Cooperative is to jointly provide casualty and property protections and to administer some or all of insurance coverages and protections other than health, life, and accident coverages. The Cooperative shall not itself offer, provide, or guarantee coverage. It shall function solely to administer, process, obtain, instruct, and counsel each Participant in the procurement of insurance and payment of such claims as shall come within the coverages offered. Nothing herein shall, nor shall participation in this cooperative, constitute a waiver of immunities or defenses provided under Arkansas' tort immunity act, Ark. Stat. Ann. 12-2901 or otherwise. [Emphasis added.]
Interlocal Cooperation Agreement, Art. I, paragraph 1.2.
The subdivision may, however, provide for a hearing and for the settling of tort claims against it if it chooses to do so. Lacey v. Bekaert Steel Wire Corp., 619 F. Supp. 1234, (W.D.Ark. 1985), aff'd 799 F.2d 434 (8th Cir. 1986). Thus, the recovery, if any, of the injured child you describe depends ultimately upon the discretion of the political subdivision. Lacey, supra. Should the political subdivision choose not to settle the claim, the putative plaintiff is free to file suit against it, but such claim will be summarily dismissed in light of the immunity granted by A.C.A. 21-9-301.
We have not been provided with sufficient information to determine whether Metroplan "systematically [denies] liability claims", as you suggest, in all cases based upon the sovereign immunity granted in 21-9-301; whether such claims are denied in the exercise of the subdivisions' discretion as to which, if any, claims to settle under 21-9-302; or whether such claims simply are not covered by any insurance maintained by that political subdivision and administered by Metroplan. It appears that any of the above actions would be appropriate under relevant law and the language of the Agreement set out hereinabove.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
Steve Clark Attorney General
[1] The Municipal League administers a similar program, also created pursuant to the "Interlocal Cooperation Act." The conclusions reached in this opinion with respect to Metroplan apply with equal force to the similar plan administered by the Municipal League.
[2] It should be noted that this immunity does not obtain where a political subdivision does not maintain motor vehicle liability insurance as required by A.C.A. 21-9-303 (Supp. 1987). Sturdivant v. Farmington, 255 Ark. 415, 500 S.W.2d 769 (1973).